FILED
2017 Apr-18 PM 04:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ALABAMA ONE CREDIT UNION ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 7:16-cv-1382-LSC |
| ) | |
| PAUL TOPPINS; HUTTO & ) | |
| CARVER, PA; BARRY V. FREDERICK, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

REPORT AND RECOMMENDATION

This case arises out of the August 27, 2015, conservatorship of Alabama One Credit Union ("Alabama One"), headquartered in Tuscaloosa, Alabama, by the Alabama Credit Union Administration ("ACUA"). After Alabama One went into conservatorship under the control of the ACUA as conservator, it filed suit against several attorneys, accountants, and appraisers, alleging negligence and malpractice by them during their representation of and services to Alabama One, resulting in injuries to the credit union. That lawsuit was filed as <u>Alabama One Credit Union v. Toppins, et al.</u>, Case No. 63-CV-215-901234, in the Circuit Court

of Tuscaloosa County, but removed to this court on August 23, 2016.[1] There are two other actions that were filed in Tuscaloosa County Circuit and removed to this court which are not addressed at this time.[2] There also is an action originally filed in this court which is addressed in a separate Order.[3]

On August 23, 2016, the United States removed the Toppins case to this court and moved to quash (Doc. 2) a portion of a July 13, 2016, Protective Order entered by the Tuscaloosa County Circuit Court requiring Alabama One to produce certain "Regulatory Information" related to Alabama One for *in camera* review by the court. The United States did so even though neither it nor the NCUA are parties to the action, contending that it could remove the case because the defendants were improperly seeking NCUA "Regulatory Information" from the plaintiff, Alabama One, that is not subject to disclosure under federal regulations. On September 9, 2016, the ACUA, also not a party in the Toppins action, joined the government's motion to quash (Doc. 4). The government's motion to quash was referred to the undersigned on January 5, 2017.

---

[1] For the sake of brevity and ease of reference, the court may refer to this lawsuit as the "Toppins" case or action. In this court, it has been assigned case no. 7:16-cv-1382-LSC.

[2] Powell, et al. v. Alabama Credit Union Administration, et al., state-court case no. 63-CV-2015-900960 (Northern District of Alabama Case No. 7:17-cv-470-LSC), and Carruth v. Moore, et al., state-court case no. 63-CV-2105-900964 (Northern District of Alabama Case No. 7:16-cv-1935-LSC).

[3] Carruth v. Smith, et al., Northern District of Alabama Case No. 7:15-cv-1089-LSC.

Before the court may consider the merits of the government's motion to quash the state court's discovery order, it must first determine whether it has jurisdiction of the matter by virtue of the government's removal. Before embarking on the merits of a controversy, the court must assure itself that it has federal jurisdiction. See Purchasing Power, LLC v. Bluestem Brands, Inc., No. 16-11896, ___ F.3d ___, 2017 WL 1046103 (11th Cir. Mar. 20, 2017).

The government grounds its removal of the Toppins case on 28 U.S.C. § 1442(a)(1) and (d)(1), which state:

> **(a)** A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> **(1)** The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.
>
> \* \* \*
>
> **(d)** In this section, the following definitions apply:
>
> **(1)** The terms "civil action" and "criminal prosecution" include any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued. If removal is sought for a proceeding described in the previous sentence, and there is no other basis for removal, only that proceeding may be removed to the district court.

These provisions establish two requirements for removal by a federal agency or officer: "first, the case must be against any officer, agency, or agent of the United States for any act under color of such office; and second, the federal actor or agency being challenged must raise a colorable defense arising out of its duty to enforce federal law." State of Florida v. Cohen, 887 F.2d 1451, 1453–54 (11th Cir. 1989), citing Mesa v. California, 489 U.S. 121, 127, 109 S. Ct. 959, 964, 966-67, 103 L.Ed.2d 99 (1989); Willingham v. Morgan, 395 U.S. 402, 406-07, 89 S. Ct. 1813, 1816, 23 L. Ed. 2d 396 (1969); Loftin v. Rush, 767 F.2d 800, 804-05 (11th Cir, 1985). Subsection (d)(1) of the act defines "civil action" as including those proceedings in which "a judicial order, including a subpoena for testimony or documents, is sought or issued." In Cohen, for example, a subpoena in a state murder trial was served on federal agents to produce for *in camera* review records and documents sought by the defendant on trial. When the federal agents did not respond to the subpoena, the state court commenced contempt proceedings against them, which they removed to federal district court under § 1442.[4]

---

[4] It should be noted that the precursor of the definitional subsection (d)(1) of § 1442 was first added to the statute as part of the Removal Clarification Act of 2011, as subsection (c), see Pub. L. 112-51 § 2(a)(2). It was later re-written and redesignated as subsection (d)(1) in 2013. See Pub. L. 112-239 § 1087. This, of course, was after the decision in Cohen and other cases holding that the mere service of a subpoena on a federal agent was not a sufficient basis for removal. See, e.g., Stallworth v. Hollinger, 489 F. Supp. 2d 1305 (S.D.Ala. 2007). Under that line of cases, the federal agent had to be cited for contempt before the state proceeding could be removed. The amendment to the statute now makes the service of the subpoena itself sufficient for removal without awaiting a contempt citation. See In re Subpoena Ad Testificandum Issued to Representative Ted Yoho, 2016 WL 3149728, at *1 (N.D. Fla. June 3, 2016).

Section 1442(a) has been described by the Supreme Court as a "pure jurisdictional" statute. "Section 1442(a), in our view, is a pure jurisdictional statute, seeking to do nothing more than grant district court jurisdiction over cases in which a federal officer [or agency] is a defendant." Mesa v. California, 489 U.S. 121, 136, 109 S. Ct. 959, 968, 103 L. Ed. 2d 99 (1989). At least the Fifth Circuit Courts of Appeals has drawn from this that failure to comply with the requirements of § 1442(a) is more than a procedural defect in removal, it deprives the district court of federal jurisdiction. "We have previously held that the failure to satisfy § 1442 deprives the federal court of subject matter jurisdiction." Price v. Johnson, 600 F.3d 460, 462–63 (5th Cir.), subsequent mandamus proceeding, 370 F. App'x 449 (5th Cir. 2010), citing Guadalupe–Blanco River Authority v. City of Lytle, 937 F.2d 184, 185–86 (5th Cir. 1991). Because the removal statute is jurisdictional in nature, the court must *sua sponte* review the removal to assure itself that it acquired federal jurisdiction through the removal.

A clear understanding of the procedural posture of this case makes plain that the Toppins case was not properly removed and is due to be remanded to the state court. Unlike cases such as Cohen and Yoho, where the federal officer or agent was *himself* the target of the subpoena, no such subpoena was served on any federal agent or agency in the state Toppins litigation. Rather, in this case, a request for production of documents was served on the plaintiff (Alabama One)

5

pursuant to Ala. R. Civ. P. 34 by a defendant, seeking production of documents related to the conservatorship of the credit union. (See Doc. 1, pp. 24-31). Documents responsive to that request purportedly include "Regulatory Information" in the form of examination and audit reports prepared by or for the NCUA, as well as discussions and confidential memoranda by and among the NCUA, the ACUA, and Alabama One. This prompted Alabama One to seek a protective order from the state court not to produce the documents. To resolve the dispute, the state court entered the following relevant portion of a protective order:

> 1. Discovery requests in this action seek, or may seek, production of documents that constitute (1) reports of examination of the Alabama One Credit Union ("Alabama One") by the Alabama Credit Union Association (the "ACUA") and/or the National Credit Union Administration (the "NCUA"'); (2) documents reflecting actions taken by Alabama One in response to the aforementioned reports of examination; (3) records and minutes of meetings of the Credit Union Board concerning Alabama One; (4) internal correspondence and documents among ACUA staff and agents relating to the regulation and examination of Alabama One; (5) correspondence and documents between ACUA staff and agents and the NCUA relating to the regulation and examination of Alabama One; and/or (6) correspondence and documents between the ACUA and/or the NCUA and Alabama One officers and employees obtained or created in the course of the agencies' regulation and examination of Alabama One (collectively "Regulatory Information"). Alabama One takes the position that disclosure of those documents is prohibited under state and federal law. As such, Regulatory Information is not subject to this Protective Order because Alabama One does not, and by law cannot, agree that any Regulatory Information may voluntarily be produced whether subject to a protective order or no. See Ala. Code §§5-17-40, 5-3A-11 and 12 CFR 792.11. Any document(s) claimed by the plaintiff to be "Regulatory Information", and therefore

> shielded from production by bank examination privileges shall be submitted for "in camera" inspection by the Court for assessment of privilege, and to determine its relevance to the claims before the Court.

(See Doc. 1, pp. 9-10). The order that prompted the removal by the government, therefore, was directed to Alabama One, not any agent or agency of the United States.

The plain language of § 1442 makes clear that removal hinges in part on whether the "civil action," including proceedings seeking a judicial order or subpoena, is "against or directed to… [t]he United States or any agency thereof or any officer" of the United States. See State of Florida v. Cohen, 887 F.2d 1451, 1453–54 (11th Cir. 1989). Nothing in § 1442 allows the United States to remove an action in which it is neither a party nor subject to any order or subpoena. There is no order or subpoena in this case "directed to" the United States or any of its agencies or officers, or directing the United States or its officers or agencies to do anything. The government's allegation in the notice of removal that "[t]he NCUA is the non-party *subject of a state court discovery order* dated July 13, 2016," is simply not correct. (Italics added). Nothing in the protective order threatens any coercive action by the state court against a federal agent or agency. Instead, it seeks to enforce compliance *by the plaintiff* with a discovery request made by a defendant for production of documents in the *plaintiff's* possession. By itself, the

7

fact that the discovery order may implicate documents and information the NCUA claims an interest in does not authorize the removal of the state-court action under § 1442(a)(1) or provide this court with jurisdiction to adjudicate the merits of the government's claim. The NCUA apparently has not sought to intervene in the state action to protect its interest in the documents possessed by Alabama One. Although § 1442 is broadly and liberally construed (unlike other removal statutes), there is no construction of the statute liberal enough to conclude that either the United States or the NCUA is subject to the judicial order in this case when they so clearly are not. This removal by the United States from the Circuit Court of Tuscaloosa County was simply not within the limits of or otherwise authorized by § 1442(a)(1) or (d)(1).

As mentioned, the court recognizes that the NCUA claims an interest in the "Regulatory Information" covered by the state court's protective. Nonetheless, due respect for the co-equal sovereignty of the state court requires this court to adhere to the clear boundaries of § 1442(a)(1). Unless § 1442(a)(1) is limited by the requirement that an agency or officer of the United States is a party to the removed action, or subject to a judicial order or subpoena "against or directed to" that agency or officer, there would be no limitation on the power of the United States to remove any action, regardless of how unmoored it is to any federal jurisdiction. As in this case, the United States could simply remove any action in

which it found a substantive or evidentiary interest, without ever having been a party to the state action or being subject to any order or subpoena in it. This would stretch § 1442(a) beyond its Article III limits by removing the constitutional nexus of a federal officer or agency being a defendant in or subject to the state-court action. The case is due to be remanded.

Accordingly, the magistrate judge RECOMMENDS that this action be remanded to the Circuit Court of Tuscaloosa County from whence it was removed improvidently. The government's motion to quash referred to the undersigned (Doc. 2) is DENIED for want of subject-matter jurisdiction.

**Notice of Right to Object**

Any party may file specific written objections to this report and recommendation. Any objections must be filed with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered. Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objection. Failure to object to factual findings will bar later review of those findings, except for plain error. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); *Dupree v. Warden*, 715 F.3d 1295,

1300 (11th Cir. 2013). Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

Upon receipt of objections, a United States District Judge will make a *de novo* determination of those portions of the report and recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings of fact and recommendations made by the magistrate judge. The district judge also may refer this action back to the magistrate judge with instructions for further proceedings.

The parties may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. They may only appeal from a final judgment entered by a district judge.

The Clerk is DIRECTED to mail a copy of the foregoing to the plaintiff.

DONE this 18th day of April, 2017.

_____
T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE