IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ALABAMA ONE CREDIT UNION, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) 7:16-cv-01382-LSC ) |
| PAUL TOPPINS, et al., | ) ) |
| Defendants. | ) ) ) |

**MEMORANDUM OF OPINION**

On April 18, 2017, United States Magistrate Judge T. Michael Putnam entered a Report and Recommendation (Doc. 27), recommending that the above-styled matter be remanded to the Circuit Court of Tuscaloosa County, Alabama. The United States filed its objections on May 1, 2017. (Doc. 29.) Defendants Barry V. Frederick, Brandi B. Frederick, and The Frederick Firm (collectively, the "Frederick Defendants")[1] filed their objections on May 2, 2017. (Doc. 30.) This Court has considered the entire file in this action, together with the Report and Recommendation, and has reached an independent conclusion that the Report and

---

[1] Objections were purportedly filed on behalf of Barry V. Frederick and The Frederick Firm. However, The Frederick Firm is not listed as a defendant on this Court's docket sheet, and Barry V. Frederick is listed as counsel for himself and for Brandi B. Frederick. Because all three are named Defendants on the state court's docket sheet, this Court treats the objections as if filed by all three.

Recommendation is due to be adopted and approved, and this matter is due to be remanded to the Circuit Court of Tuscaloosa County.

I.   **BACKGROUND**

As described in the Report and Recommendation, this action is related to the conservatorship of Plaintiff Alabama One Credit Union ("Alabama One"), by the Alabama Credit Union Administration ("ACUA"). After entering conservatorship, Alabama One filed suit against Defendants—attorneys, accountants, and appraisers who represented or otherwise provided services to Alabama One—in Alabama state court, alleging claims for negligence and professional malpractice. During the course of this litigation, Defendants sought to discover various documents that Alabama One asserted were prohibited from disclosure under state and federal law. With input from the parties, the state court entered two orders on July 13, 2016, directing Alabama One to submit the documents, which the parties refer to collectively as "Regulatory Information," for in camera review to determine whether the information was relevant or protected from disclosure.

On August 23, 2016, the United States removed the action to this Court pursuant to 28 U.S.C. § 1442(a)(1), which authorizes the federal government and its agencies and employees to remove a proceeding "against or directed to" them

that arises out of their official duties. The notice of removal states that the National Credit Union Administration ("NCUA"), an independent federal agency, "is the non-party subject of" the state court's orders directing Alabama One to produce the "Regulatory Information" for in camera inspection. (Doc. 1.) Contemporaneously with the removal, the United States moved to quash the portion of the state court's orders relating to the "Regulatory Information." (Doc. 2.) After several hearings on these issues, the magistrate judge issued the Report and Recommendation now before this Court. (Doc. 27.)

## II. Standard of Review

Upon the filing of objections to a magistrate judge's proposed findings and recommendations, this Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court "may accept, reject, or modify" such findings or recommendations "in whole or in part." *Id.*

## III. Discussion

### A. Objections by the United States

The United States objects to the magistrate judge's conclusion that this case was "removed improvidently" and is due to be remanded to the state court for lack of subject matter jurisdiction. The removal statute upon which the United States

bases this Court's jurisdiction provides that the federal government, or a federal agency or officer, may remove an action that is "against or directed to" it. 28 U.S.C. § 1442(a)(1). It applies to "any proceeding" in which "a judicial order, including a subpoena for testimony or documents, is sought or issued." *Id.* § 1442(d)(1). The statute's purpose "is to protect the Federal Government from [state] interference with its 'operations.'" *Caver v. Cent. Ala. Elec. Coop.*, 845 F.3d 1135, 1142 (11th Cir. 2017) (quoting *Watson v. Philip Morris Cos.*, 551 U.S. 142, 150 (2007)). Historically, § 1442 has served as a mechanism by which federal officials faced with a civil or criminal proceeding arising out of the enforcement of their federal duties may seek a federal forum in which to raise federal law as a defense to the suit. *See Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996) (quoting *Willingham v. Morgan*, 395 U.S. 402, 405 (1969)); *Florida v. Cohen*, 887 F.2d 1451, 1453 (11th Cir. 1989) (quoting *Murray v. Murray*, 621 F.2d 103, 106 (5th Cir. 1980)).

As relevant here, the United States argues that the "application" of the state court's July 13, 2016, discovery orders "is directed to the NCUA" because the documents ordered to be produced for in camera inspection "belong to the NCUA." It objects to the magistrate judge's finding that the NCUA is not the "subject of" the state court's orders. Few courts have interpreted the precise

meaning of the "against or directed to" language, but the statute is clear that the federal agency need not be a formal party to an action in order to remove it. *See* § 1442(d)(1) (including "a subpoena for testimony or documents" within the definition of "civil action"); H.R. Rep. No 112-17, pt. 1, at 6 (2011), *as reprinted in* 2011 U.S.C.C.A.N. 420, 425 ("The bill clarifies that a civil action 'commenced' in State court includes those brought 'against' a Federal officer (which covers suits) as well as those 'directed to' a Federal officer (which presumably covers discovery proceedings)."). In this case, however, the state court's order is neither "against" nor "directed to" the NCUA, even if the records that may be subject to in camera inspection "belong to the NCUA" but are in Alabama One's possession. The order does not command the NCUA to take any action; rather, it directs *Alabama One* to produce the documents to the court.

The NCUA's regulations support this result. The regulations prohibit the disclosure of NCUA records "[c]ontained in or related to examination, operating or condition reports prepared by, or on behalf of, or for the use of NCUA or any agency responsible for the regulation or supervision of financial institutions. This includes all information, whether in formal or informal report form, the disclosure of which would harm the financial security of credit unions or would interfere with the relationship between NCUA and credit unions." 12 C.F.R. § 792.11(a)(8).

These records, when in the possession of a credit union like Alabama One, "remain the property of NCUA." *Id.* § 792.31. As such, the records cannot be disclosed "except as expressly authorized by the NCUA or as ordered by a federal court after the NCUA has had the opportunity to be heard." *Id.* § 792.40(c). The regulations instruct "persons who are not NCUA employees . . . but have custody of nonpublic records"—which presumably includes Alabama One and its representatives—to, upon receipt of a subpoena or discovery request, "promptly notify the NCUA" of the request and "notify the issuing court" that federal regulations prohibit disclosure. *Id.* § 792.40(b)(1). The target of the subpoena or request is directed to "appear[] at the time and place stated in the subpoena" but "decline to produce any records or give any testimony." *Id.* § 792.40(b)(2). Therefore, although the regulations give it the right to "advise the issuing court . . . that [the regulations] appl[y] and, in addition, . . . intervene, attempt to have the subpoena quashed or withdrawn, or register appropriate objections," *id.*, the NCUA does not act in place of the target of the request.

Stated another way, the NCUA's right to participate in an action in order to protect its interests does not transform a request to the party possessing the records into a proceeding "directed to" the NCUA. Thus, a court order commanding Alabama One to produce nonpublic documents that are subject to

§ 792.40 is not "directed to" the NCUA, even though it is the NCUA that ultimately must authorize the production of such records. Rather, as the magistrate judge concluded, the state court's order targets Alabama One, which has the ability, because it possesses the records, to produce them to the court—albeit not without legal consequences. Alabama One's obligations, under the NCUA's regulations, are to notify the NCUA and to refuse to disclose the documents.

The proper procedure in this situation is for the NCUA to first present its arguments to the state court.[2] If the court, after hearing these arguments, nonetheless orders *the NCUA* to take some action relative to the documents, then such an order would be "directed to" the NCUA and removal under § 1442(a)(1) proper. Under those circumstances, the NCUA undoubtedly has a right to have its federal defense—the regulations prohibiting disclosure—heard by this Court. Suggesting that the NCUA involve itself in the state court action is not, contrary to the contentions of the United States, "requir[ing the NCUA] to win its case before [the case] can be removed." Obtaining an order "directed to" the NCUA does not necessarily implicate the state court's determination of the merits of the NCUA's arguments about whether the documents are indeed prohibited from disclosure.

---

[2] Indeed, a formal appearance in the proceeding to claim privilege as to certain documents is precisely the procedure that awarded the federal government "standing to maintain [an] appeal" in *Overby v. U.S. Fidelity & Guaranty Co.*, 224 F.2d 158, 161–62 (5th Cir. 1955), which the United States cites as support for its contention that it is the "subject of" the state court's orders.

Nor does this procedure run afoul of the Supreme Court's direction that § 1442 must be "liberally" construed. The United States argues that "[u]nder § 1442(a), the test should be whether or not the United States or one of its officers has a federal defense to the contested court action." However, such a test ignores the statute's plain language that to be removable, the proceeding must be "*against or directed to*" the United States. § 1442(a). Although the availability of a federal defense is a prerequisite to § 1442 removal, *Magnin*, 91 F.3d at 1427, it does not independently authorize the federal government to remove an action to assert the defense on behalf of a party to the action, which is essentially what has occurred here.

## B. Objections by the Frederick Defendants

The Frederick Defendants argue that to the extent the Report and Recommendation recommends remand of the counterclaims asserted in their "Further Answer" to the complaint (Doc. 13), this Court should retain those claims. However, the counterclaims are at present not properly before this Court because this action was inappropriately removed.[3] While it is procedurally possible that this Court may exercise jurisdiction over these claims in the future, the

---

[3] Even if removal had been proper under § 1442(a)(1), only the discovery proceeding, not the entire action, would be before this Court. *See* § 1442(d)(1) ("If removal is sought for a proceeding described in the previous sentence, and there is no other basis for removal, only that proceeding may be removed to the district court.").

assertion of a counterclaim based on federal law does not provide an independent basis for which the Frederick Defendants may invoke this Court's jurisdiction. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("[F]ederal jurisdiction generally exists 'only when a federal question is presented on the face of the *plaintiff's* properly pleaded complaint.'" (emphasis in original)). The Frederick Defendants' counterclaims are thus due to be remanded with the action.

## IV. Conclusion

For the reasons stated herein, the findings and recommendation of the magistrate judge are due to be ADOPTED and APPROVED as the findings and conclusions of this Court. This matter is due to be REMANDED to the Circuit Court of Tuscaloosa County, Alabama, for further consideration. A separate order consistent with this Opinion will be entered contemporaneously herewith.

**DONE** AND **ORDERED** ON May 26, 2017.

L. Scott Coogler
United States District Judge

186289